IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sanaa Alqrinawi, | ) |
|     Plaintiff, | ) |
| v. | ) No. 24 C 11958 |
| Kristi Noem, U.S. Department of Homeland Security; Kash Patel as the Director of the FBI; Kevin Riddle, USCIS Chicago; and Marco Rubio, U.S. Secretary of State, | ) |
|     Defendant. | ) |

<u>Memorandum Opinion and Order</u>

According to the complaint in this case, plaintiff is a citizen of the Palestinian Authorities who fled Gaza and sought refuge in the United States, as did her spouse and their four children.[1] Plaintiff alleges that she filed an affirmative application for asylum and withholding of removal, Form I-589, with the U.S. Citizenship and Immigration Service ("USCIS") on or about November 22, 2023, and that she received a receipt notice dated December 13th, 2023. Plaintiff later asked the "Chicago Asylum Office" to add her daughter, Dayla Alqaoud, as a dependent

---

[1] It is not clear from the complaint whether plaintiff and her family arrived in the United States together or separately.

on her application.[2]

On November 20, 2024, plaintiff filed this action, complaining that although she never received any correspondence concerning the biometrics collection required to process her application, a query of USCIS's case status tool conducted on the date of her complaint was filed yielded the message, "You or your dependent recently missed your biometrics collection appointment… You or your dependent must follow [the instructions] to reschedule an appointment." Plaintiff further alleges that she has received no correspondence concerning her request to add her daughter to her application. Her complaint names, through their highest officials, the Department of Homeland Security; the Department of State; the Federal Bureau of Investigation; and the Chicago Field Office of USCIS.[3] She claims that defendants' failure to complete required steps and adjudicate her complaint within a reasonable time violates the Administrative Procedures Act and warrants an order compelling "Defendant and those acting under it" to adjudicate her I-589 petition, and compelling the FBI to "complete

---

[2] It appears from the receipt notice that a total of five individuals not including Dayla were named as applicants on the original application. See Compl., Exh. B, ECF 1-1 at 6.

[3] Kristi Noem was sworn in as Secretary of Homeland Security on January 25, 2025. Marco Rubio was sworn in as Secretary of State on January 21, 2025, Kash Patel was sworn in as Director of the Federal Bureau of Investigation ("FBI") on February 21, 2025, and Kevin Riddle is now the Chicago Field Office Director of USCIS. The case caption is amended accordingly. See Fed. R. Civ. P. 25(d).

its background and fingerprint process." Defendants have moved to dismiss the complaint on various grounds. The motion is granted for the following reasons.

First, I agree with defendants that the complaint fails to state a claim against the FBI or the Department of State. Plaintiff does not allege what involvement, if any, these agencies have in adjudicating her application, nor does she attribute any action or inaction to them that she claims caused or contributed to a delay in adjudicating her petition. In her response to defendants' motion, plaintiff alleges generally that the Department of State has authority over the administration of some aspects of immigration law. *See* ECF 13 at 4. But the specific authority she cites—the Department's authority over the "powers, duties, and functions of diplomatic and consular officers"—are not at issue in this case, nor do her general allegations suggest a basis for these agencies' liability for any delay in the processing of her application. Accordingly, these defendants are dismissed. *See Hasbani v. Noem*, No. 24-CV-11790, 2025 WL 1103817, at *2 (N.D. Ill. Apr. 14, 2025) (dismissing complaint against FBI and State Department officials under Fed. R. Civ. P. 12(b)(6) because the complaint "provides no detail on the role of these three defendants or their respective agencies in adjudicating [the plaintiff's] Form I-589.").

Defendants are also correct that the complaint is moot insofar

3

as it seeks to compel defendants to reschedule plaintiff's biometrics collection appointment, as this appointment has already taken place.[4] Indeed, plaintiff acknowledges that her application has progressed to the next stage of adjudication: the "interview stage." Some courts, including in this district, have held that USCIS action taken to move a petition for immigration benefits along, even if the action does not finally resolve the petition, moots a claim for adjudication. *See*, e.g., *Long v. Garland*, No. 22-CV-6652(EK), 2023 WL 6930674, at *2 (E.D.N.Y. Oct. 19, 2023) (agency's issuance of interview notice mooted claim for adjudication of I-589 petition for asylum); *Sabo v. Mayorkas*, No. 23 CV 2189, 2024 WL 2863373, at *4 (N.D. Ill. June 5, 2024) (noting that "weight of authority" holds that issuance of request for evidence moots action to compel adjudication of immigration petition). As the *Sabo* court explained,

> "[t]he relief Ms. Sabo requests is that USCIS 'adjudicate [her] Forms I-130,' and—perhaps prompted by her complaint—USCIS has now started doing so. (*See* Compl. at 11.) Though other steps remain before the I-130 petitions are accepted or denied, the court is not appropriately positioned to oversee the entire rest of the adjudicative process, or stand over USCIS' shoulders to order each subsequent action.

---

[4] Plaintiff acknowledges that Exh. 1 to defendants' motion, ECF 10-1 at 34, reflects that her biometrics collection appointment was rescheduled for January 17, 2025, ECF 13 at 4, and she concedes that her application has progressed to the next stage. Accordingly, I construe her assertion elsewhere in her response that she and her family members are "yet to be scheduled for biometrics collection" as an inadvertent mistake.

4

*Id*. at *5. *But see An v. Mayorkas*, No. CV 21-385 (EGS), 2022 WL 522970, at *2 (D.D.C. Feb. 22, 2022) (acknowledging that agency action generally moots "any controversy over USCIS's pace of processing whether analyzed under the APA or the Mandamus Act," but declining to dismiss a claim for a "final decision" on a petition that had been pending over six years and USCIS offered no justification for the delay). But regardless of whether plaintiff's claim is technically moot, I agree with the *Sabo* court's reasoning and conclude that her claim to compel USCIS action cannot proceed in view of recent developments.[5] Plaintiff offers no basis for inferring that the roughly three months that have elapsed since her biometrics collection appointment took place—or even the seventeen months since she submitted her I-589 petition—amounts to an unreasonable delay. In fact, she offers no response at all to defendants' explanation for how USCIS prioritizes petitions pending before it or their analysis of the so-called *TRAC* factors, which the D.C. Circuit set forth in *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C.

---

[5] This is true whether her claim is based on the Mandamus Act or the Administrative Procedures Act, as the standard is the same under both. *Russell v. Blinken*, No. 23-CV-520-JDP, 2024 WL 1908814, at *4 (W.D. Wis. May 1, 2024) (citing cases). Under either statute, the question is whether the agency has "unreasonably delayed" in taking the requested action. *Id*. (citing 5 U.S.C. § 706(1) and *Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017)).

Cir. 1984) ("*TRAC*"), and which the Seventh Circuit and its lower courts have found instructive in determining whether an administrative delay is reasonable. *See Ebrahimi v. Blinken*, 732 F. Supp. 3d 894, 909 (N.D. Ill. 2024) ("[a]lthough not formally endorsed by the Seventh Circuit, a six-factor test created by the D.C. Circuit usually guides the analysis when 'unreasonable delay' is alleged") (citing cases). Instead, plaintiff speculates that her wait for an interview—the next step in her administrative proceedings—"notoriously could span over a decade." ECF 13 at 5. But this type of speculation cannot support either the "drastic and extraordinary remedy" of mandamus, *Ebrahimi* 732 F. Supp. 3d at 908, or injunctive relief under the APA.

This leaves only the question of whether plaintiff is entitled to an order compelling USCIS to act on her request to include her daughter Dayla as a derivative beneficiary of her asylum application. While there is no merit to defendants' suggestion that plaintiff lacks standing to assert this claim, plaintiff's allegation that she "requested the Chicago Asylum Office to add her daughter Dayla Alqaoud...as a dependent on the asylum application" is too vague to support mandamus or injunctive relief. A federal court may "compel agency action only if the agency has a mandatory duty to take the action." *Russell v. Blinken*, No. 23-CV-520-JDP, 2024 WL 1908814, at *3 (W.D. Wis. May 1, 2024). Plaintiff's assertion that she "requested" action

6

of the "Chicago Asylum Office" (presumably this is a reference to the Chicago Field Office of USCIS...but did plaintiff file a form with that office? Make a phone call? Visit the office? The complaint does not say) is insufficient to suggest plausibly that the USCIS neglected to discharge any mandatory duty.

For the foregoing reasons, defendants' motion is granted and plaintiff's complaint is dismissed. The dismissal is without prejudice to refiling if USCIS fails to adjudicate plaintiff's I-589 petition within a time that is reasonable in light of the authorities cited in this decision.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: April 28, 2025

7